We are now recording. Hear ye, hear ye. This Honorable Appellate Court for the Second Judicial District is now in session. The Honorable Anne B. Jorgensen presiding. Your Honors, the first case on the docket this morning is 2-22-0065, the People of the State of Illinois, Plaintiff, the James T. Lezine, Defendant Petitioner, Illinois Department of Corrections, Appellant. Arguing for the Appellant, Ms. Caitlin N. Chenevert. Arguing for the Appellee, Mr. John Radosevich. Counselor, are you both ready to proceed? I am, Your Honor. Yes, Your Honor. All right, then when you're ready. Thank you, Your Honors, and may it please the Court. I am Assistant Attorney General Caitlin Chenevert and I represent the Appellant, the Illinois Department of Corrections. The Circuit Court incorrectly denied the Department's motion to partially vacate its June 1st order in which it ordered the Department to provide fitness restoration treatment to Mr. Lezine after determining that he was unfit to communicate with his counsel for his post-conviction proceedings. The Post-Conviction Hearing Act is a statute which allows defendants to challenge their sentences or their convictions where they allege violations of federal or state constitutional law. Let me ask you this question, doesn't the Department of Corrections have an obligation to provide medical care to a defendant? The Department of Corrections does have an obligation to provide medical care to inmates within its custody, that is correct, Your Honor. However, fitness restoration treatment is a term of art. Fitness restoration includes very specific types of treatment. As we referenced in our briefs, the Department of Human Services Fitness Restoration Manual explains exactly what goes into fitness restoration treatment. It does include things like mental health services, analyzing and diagnosing cognitive defects, and then clinically stabilizing the individual. But it also has an educational component and it includes education on the process and then assessments to make sure that the individual understands the court process and is complying with treatment. So this is... In People v. Owens, the Illinois Supreme Court authorized commitment of people who were sentenced to death until, and the court didn't limit it to a death sentence, it just happened to be a death sentence in that case. The court did not suggest any type of treatment, but all the court said was the defendant would be remanded to the Department of Corrections until he retains fitness, correct? That is correct. What does that mean then? I mean, the Supreme Court would not send someone back to the Department of Corrections without any guidance. Isn't that inherent in the language of the court that fitness means restoring to fitness? The court in Owens, Your Honor, stated that the defendant would be remanded to the Department of Corrections until fit, but there was no further discussion in the Owens decision as to what entity would be responsible for providing any sort of fitness restoration treatment. And in fact, the rest of the Supreme Court's decision in Owens does seem contemplate a situation in which an individual may remain unfit while his petition is pending, and to the extent that counsel can glean from the criminal record, having reviewed it, what constitutional violations may have occurred, may continue to litigate those claims, even if the individual is unfit and unable to assist the counsel in developing those claims further. And they may not be... Can I stop you right there? How would we ever know if someone is restored to fitness under the scheme that you propose? Does he just sit in his cell until one day he knocks on the door and says, I think I'm fit? Could you call my lawyer? Your Honor, I am not certain that that would be the scenario. Presumably, the attorney would continue... Could continue to try to communicate with his or her counsel or with his or her client to determine if there had been any change in their... What's the likelihood of change without treatment? Well, it certainly depends on the individual. To the extent that there may be some individuals who would be otherwise receiving mental health treatment at the Department of Corrections that may help them become stabilized and able to understand or recall the events that led them to file the petition, that individual may attain fitness simply that way. For other individuals, perhaps not. But at the end of the day, because of the nature of these civil proceedings, these are governed by the Post-Conviction Hearing Act, and it would be within the General Assembly's purview to amend the statute if it wanted to specify that the Department of Corrections is the entity responsible for providing this type of treatment. And in fact, we know... If not you, then who would provide this type of treatment? He is a captive audience, and you are obliged to provide mental health treatment. How else would... What other entity would have access to this individual to provide this treatment? Again, the General Assembly could designate either the department or another entity to provide that treatment. The General Assembly is aware of Owens. We presume it's aware of Owens and Johnson, and it's taken no steps to delineate who is to provide the treatment to restore fitness for post-conviction petitioners who are unfit. So they basically have left Owens alone. And the defendant's position is that the inference in Owens is that the Department of Corrections will provide treatment to restore fitness, because that's what the court said, until petitioner retains fitness. Again, the Owens, however, did not specifically address the question presented here, which is which entity would provide, would need, or would be required to provide... Again, without... The inherent in the court's language is that the defense committed to the Department of Corrections until he for restoration, how is he ever going to be restored to a position of fitness? Again, that would perhaps depend on the individual. There may be some situations in some individuals in which the mental health or other treatment that they receive at the department... Anyway, as a matter of course, the type of treatment that the department provides to all individuals may... Right, but didn't you just... Let me ask another question. Okay. I'm sorry, go ahead. You told us that fitness restoration treatment was a word of art, and it includes far more than just mental health treatment. So where does the rest of the obligatory treatment come from, if not the Department of Corrections? Currently, the Post-Conviction Hearing Act does not speak to that. It does not provide that there is any particular entity that is required... Sorry, just... Go ahead. I'm just curious, have you... I assume you've read the defendant's post-conviction petition, it's pro se post-conviction petition? That's correct. Yes, the one in the record. Is there anything in that post-conviction petition or that pro se post-conviction petition that required the defendant's input? Could each one of those arguments have been fashioned into a petition and proceeded upon, as Owen said? Those are all basically allegations that are already in the record. That is correct. There are many... Why didn't the parties bring that to the attention of the trial court and say, Judge, let's go with what's in the petition now, and then send the defendant back, so we'd have a timely hearing? Why didn't anybody bring that up? Your Honor, I'm not certain. I don't know why the proceedings transpired in the way they did. Do you know what was going on for the years between 2013, when the defendant filed his petition, until April of 2021? What was going on? I am not certain, Your Honor. The Department of Corrections did not become involved in this case until after the June 1st order, ordering it to provide this fitness restoration treatment. Prior to that, the Department of Corrections was not involved in this matter. There's no record. There's no transcripts. I couldn't find any orders, other than the petition itself. Then the next thing is April of 2021. There's an appointment of the public defender in 2014. Then there's basically nothing going on.  I have not conferred with the state's attorney's office in this case, as to what was transpiring before the Department of Corrections entered the case in its motion to partially vacate. Do you know whether the defendant is currently fit? I'm not aware that there has been any further findings in the circuit court, finding that the defendant is fit. I understand that there have been, I believe, one or two status hearings. But from my understanding, speaking with the assistant attorney general, who has been attending those on behalf of the department, there hasn't been any further particular substantive movement on the case. They're simply status hearings at this point. I'm not aware that there's been any other findings or hearings as to fitness. To sum up your position, your position is that we should not be legislating. If the Supreme Court wishes to determine that the Department of Corrections is to provide fitness restoration treatment, that would be up to the Supreme Court. Is that your position? Well, it would be up to the General Assembly, correct? Well, the Supreme Court has policymaking authority. We don't. The Supreme Court has interpreted the act at various different points to allow for certain proceedings or discovery that are not specifically provided for in the act. That is correct. However, those cases are factually distinct from this one. Those cases involved the circuit court's ability to either hold hearings or allow certain discovery, even though those things are not specified in the act. Those are more related to the circuit court's authority or docket management issues. Those were the Owens and the Fitzgerald cases. Then there are the two Johnson cases, where the Supreme Court interpreted the act to determine what the burdens of proof would be for certain parties, although that was not specified in the act, as well as what type of standing was required to continue with a petition, even though the word standing did not appear anywhere within the act. Again, those two Johnson cases are more concerned with the party's obligations. The cases should not be read broadly to stand for the broad proposition that a circuit court may impose obligations on a third party who is not otherwise involved in this petition at all, requiring certain obligations on a third party when those obligations are not specified in the act. Again, going back to statutory interpretation principles, it is clear that the and in what circumstances. When you compare the section 104.17 of the Code of Criminal Procedure regarding a criminal defendant's fitness to stand trial with the act, it is clear that the General Assembly intended different results. Section 104.17 does specify what is to happen with an individual who is found unfit to be able to proceed to trial. It is specified there that the defendant is placed into the custody of the Illinois Department of Human Services or another appropriate mental health. Yes, your honor. 104.17 is reference fitness for trial to plead or to be sentenced. Here, the defendant can have a much higher level of unfitness or his or her ability to communicate does not have to be pristine. It has to just be sufficient to be able to provide input to counsel, correct? So why would the department provide that minimum level of treatment to get the defendant to at least be able to communicate? I mean, communication is part of any mental health treatment, any mental health treatment, whether it be treatment that's induced by drugs or alcohol or another form of mental illness like schizophrenia or any of the forms of mental illness, communication is one of the basic things that all treatment provides. That is correct. And to the extent that the Illinois Department of Corrections is charged with providing a mental health service or other health care service under the Unified Code of Corrections to all inmates within its custody, the department would be providing that treatment. But again, fitness restoration treatment has a specific goal. The purpose of fitness restoration treatment is to prepare the individual to either stand trial or to be able to proceed. That's not the treatment that's required here. The treatment in a post-conviction setting is just the ability to communicate with counsel. He doesn't have to be able to understand the rudiments of case law or statutory interpretation. All he needs to do is be able to communicate with issues that he would like to have raised. I agree with Justice Burkett that my next question was going to be, does the right to a fitness hearing equal the right to fitness restoration? That issue was not decided in Owens. And so the Supreme Court did not reach that particular issue. The issue was simply whether the circuit court had the authority or the ability to and ultimately it determined that it did. But it did not have in Owens, it didn't have the right to order fitness restoration. That's correct. That's correct. That was not decided or an issue at all in Owens. That's correct, Your Honor. And again, I would go back to Owens, the additional statement in Owens that it does not appear that ordering fitness treatment was contemplated by the court in Owens, given that it continued on to note that there may be a situation. I'm sorry, Your Honor, I see my time is up. May I complete my thought? Yes. Yes, you may. Thank you. It contemplated a situation in which an individual may be found to be unfit, but that would not necessarily mean that their petition was stalled and could not proceed to the extent that an attorney would be able to review the criminal record and determine what claims may have a grounding for alleging that there was a constitutional violation. Counsel, would you agree that a defendant in the Department of Corrections with a PC, fit or unfit, is entitled to reasonable assistance of counsel? I'm sorry, for a post-conviction hearing? A defendant in the Department of Corrections with a post-conviction petition, fit or unfit, is entitled to reasonable assistance of counsel? That's correct. All right. And how would that be accomplished by an attorney who cannot communicate with his client or her client? Again, to the extent that they may be able to, from the criminal record itself. Right. I heard that response first, but isn't the purpose of a post-conviction petition to raise claims that are outside of the record? Isn't that basically the thrust of a post-conviction petition? There may be some claims that exist that are found outside of the record. That certainly may be true. But again, to the extent that the General Assembly intended to provide additional protections or obligations under the Act, the Act is simply silent as to those. And so it would be within the General Assembly's purview, should it determine that it is necessary to amend the Act to specifically require fitness restoration treatment for these proceedings. You would agree that every defendant, regardless of the posture of a case, should be fit for proceedings? Or no? I mean, is your position that, look, it doesn't matter in a post-conviction whether the defendant is fit or not, because there's other options? Is that basically your position? No, I would say the position simply is that I do believe that a fitness hearing is, well, it's clearly appropriate, and the Supreme Court decided that it's within the district's purview. The defendant here has had a fitness hearing and a bona fide doubt was raised and he was found to be unfit. So that's the posture we're at. We're past Owens. And certainly, and I think the reason that though that even the hearing, the fitness hearing alone is incredibly important, because if the individual is found to be unfit, that determination is important for the purpose of any potential successive petition. Should the individual later attain fitness, I would assume the individual would want that ruling that they previously were determined to be unfit so that they would be allowed to argue that res judicata should be relaxed to allow them to bring this second successive petition. So I do believe that the fitness hearing alone is an important protection that the petitioners would have. But the question we're left with is how do they attain fitness? Right. And at this point, the Act does not provide any particular guidance or any obligation, particularly not on the Department of Corrections, to provide this type of treatment that it has specified for other state agencies in other contexts. And so at this point, the Act is silent as to what entity, if any, would provide that treatment. Well, who, if not the Department of Corrections, who? That's up to the legislature? Correct, Your Honor. Justice Shasta, do you have any further questions? I have no further questions. Thank you, ma'am. Justice Burkett? No, thank you, Judge. Okay. Thank you. When you are ready, you may proceed. You're mute, sir. Sorry. Good morning. John Rodasiewicz of Delray Law Group on behalf of the appellee James Lezine. Can the court hear me okay? Yes, sir. So I wanted to start out by addressing Owens and the question that Justice Shasta had about whether the right to a fitness hearing implies a concomitant right to fitness restoration. And we don't have to engage in a lot of mental gymnastics to get there because I believe the Supreme Court in Owens did get there. We have to read between the lines only very slightly. So in Owens, the direct issue before the court was whether there is a right to a fitness hearing. Is there a concept of fitness under post-conviction proceedings? And they determined that there was. But then when they established that there was this right, they set forth the procedures to be followed. Can I ask just some questions from the record? I should say the lack of a record. The allegations in a petition, as I read them, would not require input from the defendant. The allegations all have to do with what's in the record. Why should we not remand this case for appointed counsel to fashion the defendant's allegations in the petition that's in the record and look at the record and provide citations from the record and proceed with the hearing? Why would we do that? That's what Owens directs. And the defendant, if there are other issues that need to be raised when the defendant is restored to fitness and he can communicate with counsel to the level that Owens talks about, not to be fit for trial or to plead, but just to communicate with counsel regarding his allegations. Why won't we remand the case for appointed counsel to fashion the defendant's allegations into a petition with support from the record? Well, for a couple of reasons. First of all, under the Post-Conviction Hearing Act, stage one requires only the gist of a constitutional claim. So the pro se petition is merely a gist. We presume that there was a gist. I mean, there was no finding by the trial court. The time lapse, correct? Correct. Not that I'm aware of, not that I saw on the record. Right. And so, but once that gist is raised, it doesn't require the defendant to be a constitutional scholar. It does require the attorney to look at that and then turn it into something else. And what happened during all those years between 2014 when counsel was appointed and 2021? Judge, frankly, I don't know. It is not a record. I don't know what happened during that period of time. I presume that the attorney in providing reasonable assistance determined that there were meritorious issues that perhaps hadn't been raised or that the gist of the issues that were raised in the petition required in some way going outside the record, potentially calling appellate counsel ineffective in making inquiries with appellate counsel. Have you looked at the record yourself to see whether or not you could fashion that into a claim of ineffective assistance? Because forfeiture obviously is going to be an issue whenever we get to the petition. But the Supreme Court made it clear we should get to those issues now when the record can be accessed and let post-conviction counsel fashion it into claims. And then, and if, as you say, you have a claim, you know what, I know what the record says, however, I need to speak to my client. That's a different issue. But my reading of the defendant's claims is he could have a hearing on those claims now. First of all, I don't know that we know that. I don't know that we know that we don't know the state of the attorney-client relationship and where things were in these intervening years, for one. Second of all, while the Owens Court said that counsel could proceed and it wouldn't be held against them under 651 necessarily, counsel in this case may have with Mr. Lezine when he was found unfit. I was not the trial counsel on the case for any portion of Mr. Lezine's. We can't make that inference from basically an empty record. No, no, we can't make it from an empty record, but we can't infer the opposite either. And the fact that at some point later in the future, after he served more time, maybe he'll have a meritorious claim that attorney wants to raise, frankly, also isn't fair. We're not dealing with an endless supply of time. He's serving a sentence. What's not fair to the defendant is that nothing happened for all those years. Judge, I don't have an answer for that, unfortunately, Justice Burkett. When did you come in? You just came in for the appeal? I was appointed as appellate counsel only. Okay. And so I have read the same record that the court has read, and I know nothing beyond the Did you attempt to confer with Mr. Lezine? I did not. No, I did not. Because the issue was a purely legal issue in this appellate issue. I do want to get back to Owens though, because I think Owens did the work of determining that the department is responsible for fitness restoration in the following way. When they determine that there is a right and they set that they looked to Section 523 of the Code of Corrections, they looked to that because it was enacted law at the time and said, we're just going to follow these procedures. And they also specified that there are differences in the right to a jury trial and some other procedural differences. But at the time, I suppose they could have not looked to 523. They could have said, these are the procedures. This is how fitness is to proceed. But at the time, But didn't Owens really reject a lot of the arguments that you're making here today, Mr. Radosevich, and that you have in your brief? In what sense, Justice Shostak? You're mute, Mary. I'm muted. Okay. I mean, you raise the argument similar that defendant hasn't been restored to fitness. Counsel may argue claims aren't based on the knowledge. The same things that you have here, they're not based on his knowledge at all. And also, you could proceed just as you could in Owens without the defendant being present and then forfeiture of these claims is not going to apply. Because once the defendant maintains fitness, can file a successive post conviction petition. Correct? He could have speculated whether it would be granted leave to file the successive post. And also that the 651c, certainly counsel cannot truthfully attest and certify and sign a document, a certification that they have conferred with the because he's not fit to. But let me ask you this. The defendant in the statute, it says, as was repeated by your opponent, that this treatment, restoration treatment, if you will, is for somebody awaiting trial plea or sentencing. We don't have that here, correct? We don't have pretrial fitness, but the standard is, frankly, very different. When counsel says that fitness restoration is a term of art, it's a flexible term of art and it's tailored to the hearing that it's relevant for. And Justice Burkett was precisely on point. It's only a reasonable level of, if we did borrow the language, the level of competence of counsel, it's a reasonable level of assistance, not perfect. He can still have substantial mental illnesses, but still have an ability to communicate with the defendant in the timeframe of what took place at his trial. But the issue too is that I'm struggling with just as a result of, do we follow the statute? Do we follow Owens's? Is the defendant considered a quote unquote committed person within the code? Because within the code, the committed person is the one that's going to be getting this restoration treatment. Do we have that here? And if so, how? Well, under the code of corrections, the department of corrections is required to provide mental health treatment to people guilty, but mentally ill. But this court has said that that extends to everyone in the department of corrections, that same level of care. He is serving a sentence in the department of corrections. That same level of care is applicable. Their own rules and their directive that I had cited in my brief says that they can get a mental health assessment and get psychotropic medication and treatment. And if it's beyond the ability of the department to provide that, they can refer them out to a private clinic. And again, the standard is- Is that restoration treatment? Are those different things? No. Presumably, I think the point's well taken that any treatment, any kind of psychotropic treatment geared toward allowing this person to communicate with his attorney probably is going be effective because the standard is so low. That's not what the court said though, the trial court. Trial court ordered restoration. Ordered restoration. Restoration. And that's not the standard. What it means to be restored is we can't look to the pretrial fitness statute. We do have to look, and because it's a different standard under that statute. It's simply a different standard. When we get back to Owens though, they said the statute, 523 at the time, said that the procedure for raising and deciding the question shall be the same as that provided for raising and deciding the question of fitness to stand trial. And then they have four limitations, four differences for death row inmates, for people under a death penalty sentence. At the time, back in 1990, the fitness statute was essentially the same. It did, if a defendant was found unfit, they would be remanded for treatment either in the Department of Mental Health and Developmental Disabilities or placed in outpatient treatment. 523 says no, they're going to the Department of Corrections for that. Part of that fitness adjudication is a report to the court as to whether the defendant remains unfit or whether he's fit given the applicable standard. And then the court's 90-day hearings to determine whether fitness has been attained. And to answer Justice Jorgensen's question, that's how we would know. We'd have a 90-day hearing, we'd have some progress in treatment, and then we would know if the person is able to communicate with their attorney after a hearing. That's a restoration hearing, basically. It could be a restoration hearing, but the court is required at that 90-day hearing to determine whether the person remains unfit or has attained fitness. That is part of the procedures for raising and deciding the question of fitness. And under 523, it's the same in the Mental Health and Developmental Disabilities Code as it is under the Code of Corrections, with those exceptions that it should be raised by a motion filed in a sentencing court, decided by a court, not a jury, and there was a at a time when the Supreme Court was engaging in, the Supreme Court around that time in the late 90s, early 2000s, we saw a spate of cases, people be trainer in the SDP context, where the court reversed the burden of proof at a recovery hearing under the SDP Act, even though for 40 years it had been done opposite. They clarified the burden of proof and production at a motion to suppress hearing. People be Gibson, that's in 2003. They ruled that a mandatory presumption that impermissibly shifted the burden in the reckless homicide statute was unconstitutional. And people... Mr. Rodasiewicz, those are all great, but as Miss... I'm sorry, I can't pronounce your name. Chevronay? Chenevert. As Miss Chenevert indicated, if the legislature, don't you think they would have corrected all of this based on the Owens case? And they never did. How does that apply here? That applies, and that's why I cited the village of Vernon Hills versus Helan. And what it says is when the Supreme Court applies a judicial gloss to a statute, and the statute that the gloss for was the Post-Conviction Hearing Act, not Section 523, they were giving gloss to the Post-Conviction Hearing Act, and the legislature doesn't change that. They're presumed to acquiesce in that interpretation. And then it says, and this is Helan citing Abruzzo, our interpretation is considered part of the statute itself until the legislature amends it remains good law. What did Owens say? Owens said that at the time, we're going to look at the pretrial fitness statute with some notable differences. And that is the gloss, that is how fitness, and when it established this right to fitness under Post-Conviction Hearing in the Post-Conviction Hearing Act, that's how fitness is going to be determined. Would you agree that if we were to agree with you, that our mandate would require only treatment to the level where the defendant can and is mentally fit to assist counsel in a post-conviction setting? It's correct? Absolutely. Absolutely. The treatment is nowhere near as specialized as this department is making it out to be. We could find that out from interviewing guards and people at the Department of Corrections. We know the defendant, correct? We do it all the time. The petitioner in this case was under the misapprehension of the length of time that he had been serving a sentence and was for a different offense. And counsel had conferred with him twice and had the same interaction and raised fitness. I'm guessing if I were in that position as trial counsel, I would think that maybe the department put the wrong person on the phone. Let me ask you Mr. Rodasiewicz, you basically, I think, indicated to Justice Burkett and responded to his question that the trial court ordered the wrong thing here. They ordered fitness restoration treatment where that restoration treatment is not necessary, as you said. Oh, maybe it doesn't need to be that Are you agree? Do you agree that maybe there is some type of fitness or some type of mental health treatment that may get the defendant to fitness that doesn't have to be restoration treatment? Well, I think we're putting too much too much stock in labels. Well, we have to. I mean, we have to put stock in labels. There's a difference between restoration treatment and overlap. And I suppose if the trial court had been more precise, it would have said we are ordering fitness restoration treatment for the purposes of the Post-Conviction Hearing Act as set forth in People v. Owens and People v. Johnson and UDAR to give us 90-day reports. So we're going to have 90-day hearings to determine whether he has re-attained that ability to communicate with counsel such that counsel can provide reasonable assistance and speculate. When we review a record, we have to look at what was said by the trial court, not what the trial court should have said or what makes sense that the defense attorney interprets. We have to look at that. So that's my question to you. What is it that you think we should do on remand if we do decide to do something other than reverse? I don't know. What I think you should do is, or what I think the court should do, is simply order the Department of Corrections to provide fitness restoration treatment, as the trial court did, to the extent that it enables Mr. Lazine to meaningfully communicate with his attorney so his attorney can satisfy 651C and ascertain his contentions of error so he can present it in his post-conviction petition and that the department should make efforts to that point and that the department should provide 90-day reports so that we could hold hearings to determine whether he's attained that standard. And I believe that is essentially what the trial court did. When they say fitness restoration treatment, they didn't say fitness restoration treatment under the pre-trial fitness statutes. They did not say that. The court was minus cited Owens. It knew about Owens. It didn't ignore Owens. The trial court knew what the standard was and they called it fitness restoration treatment because that's what Owens calls it. It's fitness, they don't call it treatment, but the concept of fitness is a fairly common concept that's used throughout at least the criminal courts. And the concept of restoring someone to fitness, whatever the applicable standard may be, and in this case it's a much lower standard, was I believe contemplated by the trial court. So I wouldn't reverse anything. I think what the trial court said was precisely accurate. Could they have been more precise? The trial court did not cite Owens in its order. No, but it did in its ruling. It was argued and both parties cited it. It's not in the order. The doctors from the Department of Corrections are not going to be they want to look at the order. Well, I suppose, Justice Burkett, then the proper remedy would be to amend the order or you could reverse and remand and direct the trial court to include that Owens language specifically in its order so that the standard is clear for the department, but with the 90-day hearings and the 90-day status reports. I think that if we're talking about reversal and we don't like what the trial court said or how they said it, I think that that's the proper remedy. Again, I do stand by the fact that what the trial court said, even though they didn't cite Owens, is accurate to the extent that there's confusion about what the applicable standard is, though this court can certainly correct that. I'm not arguing that he needs to be restored to fitness to understand what the role of the judge is, counsel, the full-blown mental health. Yeah, because 651 doesn't talk about restoration. Well, 651 doesn't, it does say that you've heard what the... So he could communicate with his counsel. It says nothing about fitness restoration, fitness to restoration. It doesn't say anything about that. It talks about communication with counsel. So that's my question, again, comes back to my question on whether or Bishop did the right thing in ordering the restoration hearing, fitness hearing versus some mental health treatment. I'm sorry, Justice, you just cut out on the last part. My hand must've hit that. Again, my question is 651C doesn't talk anything about fitness restoration. It's just that the defendant becomes fit to communicate with counsel. Well, I think we're so wordsmithing here. If someone is unfit, and as a trial judge, you say, I'd like him restored to fitness. I think that has the normal connotation of he's unfit now, and I'd like him to be fit. So this word of restoration and treatment, and counsel argued it's a word of art. It also has a common meaning. He's unfit. I've just found him unfit. He needs to be restored to fitness. But in the context of what the proceeding was here for, a post-conviction petition. I understand that Justice Jorgensen, but I think you have to understand what the IDOC looks at. They're the ones that are following the words that the statute sets out. And so I don't can we be nilly willy in the words? Can we say the words and expect that the DOC is going to interpret what the judge meant? I mean, I think it's a very interesting case. There's a reason we're oraling it. There's no question about that, but I'm just playing devil's advocate and asking you these questions, Mr. Radosevich, because I can see where you're coming from. I can see where the department is coming from. They're interesting issues. You know, Joe, I did just want to, as a final point, I'm assuming my time's up. I don't know if I should make the final point or not. Before you do that, let me, was this a stipulated fitness trial? I don't believe so. Although I don't know. Honestly, I don't know the answer to that question. I didn't see a transcript of the fitness hearing in the record. I don't know the answer to that question. I apologize. Council, I have one other question. I mean, we all agree that the Department of Corrections is obliged to provide mental health treatment and that has parts and subparts to it. What additional aspects of treatment would you be asking for other than mental health treatment, assessments, and I thought it was, referral outside of the department in the event the department is unable to meet its obligation for mental health treatment? What else would you be asking for besides that for restoration of fitness in the context of a post-conviction ability to communicate? Frankly, I don't believe anything. I believe there needs to be an assessment to determine why it is he's unable to communicate with counsel, why it is he believes he's only served five years of a 15-year sentence for a different offense. Whatever psychological condition is driving that to treat that in such a way that he is able to rationally communicate with his attorney. If the department can't do that internally in either the medical unit of the prison or somewhere else, then under their own administrative directive to refer him out to a clinic, they can do that. I don't know that I'm asking for anything more than what they should be providing anyway, but the notion that they're not going to do anything because it's- That's not the answer to the question. My question was, was there anything else that you would be asking for? Your answer is no. The one additional, not in terms of treatment, just the 90-day reports to give a status to the court so the court has some window into what's going on in the Department of Corrections. We did give you an opportunity to make your final point. I snuck it in there in my last answer, so thank you very much. Justice Shostak, anything further? No, nothing further. Justice Burkett, anything? Okay. Counsel, thank you very much. Thank you, Your Honor. Doesn't she hear rebuttal? Yes, she does. Counsel, if you would like to respond, this is your opportunity. Thanks. Thank you, Your Honor. Just a couple of points on rebuttal. First again, I would like to go back to the circuit court's order here, which does require that the department provide fitness restoration treatment. That phrase does not appear anywhere in the post-conviction hearing act itself. Fitness restoration treatment in the context of pre-trial proceedings includes things as noted by the DHS fitness restoration manual, such as mental health treatment, but there is also this educational component to it. Presumably, to be sure, for post-conviction proceedings, a petitioner may need to be able to communicate with his attorney, but it's not just communication. It's also to communicate the nature of his allegations or why he or she believes that his or her constitutional rights were violated during the sentencing or during the criminal trial. Presumably, that would also require some level of education as to the criminal trial process itself. Again, the General Assembly has not identified or specified or defined fitness restoration treatment to mean something different in post-conviction hearings in the act, nor has it specified in the act at all that any particular state agency or entity is tasked with or required to provide that treatment. If we look at Owens, a lot of your concerns are really not contained within Owens because understanding the nature and purpose of a trial or plea, sentencing, lifetime registration, none of those concerns are at issue. The only issue is whether or not the defendant can retain to be mentally fit to assist counsel in a post-conviction setting. Why couldn't the department continue to provide mental health treatment to the defendant, as counsel discussed, and report to the court every 90 days so we can get this case moving? Again, certainly, your honor, the department does provide mental health services as it's required to under the code. To the extent that any additional treatment would be necessary in order to help Mr. Lazine attain fitness for the specific purpose of proceeding with his post-conviction proceeding, that is just simply not specified in the act. That would be within the General Assembly's purview to amend the act if it felt necessary or appropriate to specify who was required to provide that treatment. I would also just like to note, counsel made reference to, since Owens and Johnson had been decided, the General Assembly had not amended the act to respond to those decisions in any way. But again, Owens did not specifically address the question of who, if anyone, was required to provide this fitness restoration treatment. To the extent that the General Assembly did not amend Owens after it was decided, that simply is a matter of indicating that the General Assembly has acquiesced that a fitness hearing is appropriate under the act. And similarly, with the Johnson decision, where the Supreme Court held that the burden lies with the state to prove that the defendant is fit, the General Assembly decisions to not amend the act after that decision simply means that it acquiesced with the Supreme Court's analysis of the court in that case. But the Supreme Court has not decided and has not held that the Department of Corrections is the proper source of fitness restoration treatment in post-conviction proceedings. And so the General Assembly's decision not to amend after any of these other cases simply does not mean that the General Assembly necessarily agrees or believes that that is the proper source of treatment here. Should the General Assembly decide that fitness restoration treatment should be provided for post-conviction proceedings, it certainly is entitled to revisit this statute and amend it if it sees fit. I hate to wordsmith, get anybody's ire up about this, but are you agreeing that there is some mental health treatment that he can get, but maybe not the restoration treatment? Yes, certainly. Again, the department is required to provide mental health treatment to inmates within its custody. And to the extent that Mr. Lezine qualifies to receive that treatment, that that would be treatment he would be entitled to receive in the department's custody, that's correct. Your issue is the education component. You feel you're ill-equipped to do that and it just shouldn't be required. Either it shouldn't be required under the act or it's really not necessary for you to be doing it. Certainly the educational component, but then I guess it's a little difficult to know in this case, but anything that would be outside of the normal purview of the mental health treatment or other health treatment that the department provides as a routine matter to all inmates within its custody, yes. And to that which the statute sets out. Correct. And which was necessarily required for fitness for proceedings under the act. I have no further questions. No, thank you, Judge. Counsel, thank you very much. Very good arguments this morning on both sides. And we will be adjourned and a written opinion in due course. Thank you. Thank you, your honors. Thank you, your honors. Thank you.